JAMES A. MARISSEN (SBN: 257699)
jmarissen@grsm.com
RACHEL A. WEITZMAN (SBN: 307076)
rweitzman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6996
Facsimile: (949) 474-2060

Attorneys for Plaintiff
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>Plaintiff,<br><br>v.<br><br>CELLMARK PAPER INC. and DOES 1-10,<br><br>Defendants. | CASE NO.  []<br><br>**COMPLAINT** |

COMES NOW, Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC" or "Plaintiff"), and for causes of action against CELLMARK PAPER INC. ("CELLMARK") and DOES 1 through 10, inclusive ("Defendants"), complains and alleges in this Complaint as follows:

**I.   JURISDICTION AND VENUE**

1. This is a maritime claim for breach of contract pursuant to an ocean contract of carriage, as well as negligence, related to the land and ocean carriage of cargo, which comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) as Defendants are subject to the court's personal jurisdiction pursuant to a valid and enforceable forum selection

clause and this is a judicial district in which Defendants reside as provided by in section 28 U.S.C. § 1391(b)(1).

## II. THE PARTIES

3. Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. is and was at all material times a foreign corporation duly organized under the laws of Switzerland, with a principal place of business located at 12-14 Chemin Rieu CH-1208, Geneva, Switzerland.

4. Plaintiff is informed, believes, and thereon alleges, that at all material times Defendant CELLMARK was a corporation duly organized under the laws of Delaware, with a principal place of business located at 88 Rowland Way, Ste. 300, Novato, California 94945.

5. Plaintiff is informed, believes, and thereon alleges, that at all material times, each of the Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this Complaint. Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that each additional entity or individual is indebted to Plaintiff as hereinafter alleged, and that Plaintiff's rights against such additional entity or individual arise from such indebtedness.

## III. FACTUAL ALLEGATIONS

6. Plaintiff MSC was, at all material times, an ocean transportation common carrier doing business in the United States with authority from the Federal Maritime Commission.

7. MSC issued Bill of Lading no MSCUZT185114 dated June 25, 2019 (the "MSC Bill"), listing CELLMARK as the named shipper for the shipment of forty-five (45) containers of paper, including inter alia, two containers, being container nos. TCNU8928207 and TCNU2803820 (the "Containers") from Duluth, Minnesota, via the port in Montreal, Canada, to Melbourne, Australia (the "Shipment").

8. Under the terms and conditions of the MSC Bill and pursuant to the International Convention for the Safety of Life at Sea ("SOLAS"), Defendants, including CELLMARK as the named shipper and "Merchant" under the terms and conditions applicable to the MSC Bill, were

required to accurately declare the proper weights of the Containers, otherwise referred to as verifying the gross mass of the Containers.

9. Specifically, the terms and conditions applicable to the MSC Bill state as follows:

14 . DESCRIPTION OF GOODS AND MERCHANTS RESPONSIBILITY

14.1 This Bill of Lading shall be prima facie evidence of the receipt by the Carrier in apparent good order and condition, except as otherwise noted, of the total number of Containers or other packages or units indicated in the box entitled Carriers Receipt on the front hereof.

14.2 No representation is made by the Carrier as to the weight, contents, measure, quantity, quality, description, condition, temperature, marks, numbers or value of the Goods and the Carrier shall be under no responsibility whatsoever in respect of such description or particulars.

14.3 The Merchant warrants to the Carrier that the particulars relating to the Goods as set out on the front hereof have been checked by or on behalf of the Merchant on receipt of this Bill of Lading and that such particulars, and any other particulars furnished by or on behalf of the Merchant, are adequate and correct. The Merchant warrants that the Goods are safely and securely packed in the Container….

14.6 The Merchant shall comply with all regulations or requirements of customs, port and other authorities, and shall bear and pay all duties, taxes, fines, imposts, expenses or losses (including, without prejudice to the generality of the foregoing Freight for any additional carriage undertaken), incurred or suffered by reason thereof, or by reason of any illegal, incorrect or insufficient declaration, marking, numbering or addressing of the Goods, and shall indemnify the Carrier in respect thereof, including reasonable legal expenses and costs.

10. On or about June 22, 2019, the Containers were loaded aboard the vessel M/V *MSC MARTINA* in the port of Montreal, Canada.

11. On or about July 10, 2019, the Containers were discharged from M/V *MSC MARTINA* in the port of Gioia Tauro, Italy for transshipment.

12. On or about July 15, 2019, at the port of Gioia Tauro, Italy, the Containers were loaded aboard the vessel M/V *MSC PHOENIX* (the "Vessel").

13. On or about July 23, 2019, when the Containers were in route to Melbourne, Australia, there was a collapse of containers, including the Containers, aboard the Vessel.

14. The collapse of containers, including the Containers, aboard the Vessel was caused by the inaccurate declaration of the verified gross mass of the Containers under the MSC Bill and SOLAS by Defendants, including CELLMARK.

///

15. The inaccurate declaration of the verified gross mass of the Containers by Defendants, including CELLMARK, caused the containers, including the Containers, on the Vessel to be stowed incorrectly with heavy containers loaded over light containers, which subsequently caused the containers, including the Containers, to collapse.

16. Due to the inaccurate declaration of the verified gross mass of the Containers under the MSC Bill and SOLAS by Defendants, including CELLMARK, which caused a collapse of containers, including the Containers, aboard the Vessel, MSC has been damaged in an amount no less than $772,660.43.

## IV.   CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### BREACH OF MARITIME CONTRACT

### (AGAINST ALL DEFENDANTS)

17. MSC refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 16 above.

18. MSC transported and carried the Containers at the request and for the benefit of Defendants, including CELLMARK, in accordance with the terms and conditions of the MSC Bill.

19. MSC fully performed all of its obligations under the MSC Bill.

20. Under the terms of the MSC Bill and SOLAS, Defendants, including CELLMARK, were required to provide an accurate declaration of the verified gross mass of the Containers and agreed to be responsible and liable for any and all damages, liabilities, charges, costs, expenses and fees arising or resulting from its failure to provide an accurate declaration of the verified gross mass of the Containers.

21. Defendants, including CELLMARK, breached the terms of the MSC Bill by failing to provide an accurate declaration of the verified gross mass for the Containers, which subsequently caused the collapse of containers, including the Containers, aboard the Vessel during the Shipment.

22. As a direct and proximate result of Defendants', including CELLMARK's, breach or breaches of the MSC Bill, breach of warranty, and the matters set forth herein, MSC has

incurred, and Defendants are liable to MSC for, damages in the amount no less than $772,660.43. MSC's damages continue to accrue as MSC receives various new cargo claims due to the collapse of containers on the Vessel during the Shipment.

23. By reason of the foregoing, MSC sustained damages which will be shown with specificity at trial, no part of which has been paid by Defendants, although duly demanded, which are presently estimated to be no less than $772,660.43.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

24. MSC refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 23 above.

25. Defendants, including CELLMARK, owed a duty to MSC to provide an accurate declaration of the verified gross mass of the Containers.

26. Defendants, including CELLMARK, breached and were negligent in exercising their duty by failing to provide an accurate declaration of the verified gross mass of the Containers.

27. As a direct and proximate result of the negligent acts or omissions committed by Defendants, including CELLMARK, MSC has suffered damages presently estimated to be no less than $772,660.43.

28. By reason of the foregoing, MSC sustained damages which will be shown with specificity at trial, no part of which has been paid by Defendants, although duly demanded, which are presently estimated to be no less than $772,660.43.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

## (AGAINST ALL DEFENDANTS)

29. MSC refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 28 above.

30. An actual controversy exists between the parties concerning their respective rights and duties because MSC contends, and Defendants dispute, that Defendants are responsible and

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

liable as alleged. MSC is entitled to a declaration as to such rights and duties of the parties and a declaration that Defendants are responsible and liable as alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory relief, as alleged;
2. For judgement against Defendants for damages in a sum of not less than $772,660.43, the precise amount to be determined at trial;
3. For judgement against Defendants for exemplary and/or punitive damages in an amount to be determined at trial;
4. For reasonable attorneys' fees;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem just and proper.

Dated: June 5, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *James A. Marissen*
James A. Marissen
Rachel A. Weitzman
*Attorneys for Plaintiff*
MSC MEDITERRANEAN SHIPPING COMPANY S.A.